UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY A. DREAD, § § § Plaintiff, § § v. § § PAPPAS RESTAURANTS, INC. d/b/a § PAPPAS SEAFOOD RESTAURANT and § PAPPAS PARTNERS LP, § § Defendant. § § | CIVIL ACTION NO. H-10-5161 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 5). After considering the parties' arguments and the applicable law, the Court denies the motion.

I.     BACKGROUND[1]

Pro se Plaintiff Gregory A. Dread is a 45-year-old black male. He was employed as a server by Defendants at Pappas Seafood House in Houston from July 25, 2009 to August 11, 2010. He was one of only two black servers at the restaurant, and the only server over 40 years old; most of the servers were young and white.[2] Plaintiff identifies two female servers, one black and one white, who were in the same or similar situation as Plaintiff but were treated better.

---

[1] Except as noted, these facts are taken from Plaintiff's Complaint and the accompanying Charge of Discrimination (Doc. No. 1) and are assumed to be true for purposes of the Motion to Dismiss. *See Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[2] In the Charge of Discrimination, Plaintiff identifies two servers who were black and over 40 years old who were also mistreated. It is not clear whether they were still employed at the restaurant at the time of Plaintiff's termination.

1

Plaintiff was an excellent server, and customers spoke very highly of him. During the course of his employment, Plaintiff reported several illegal employment practices which were condoned by the restaurant's general manager.[3] Plaintiff was harassed, physically assaulted, and talked down to by the young management staff at the restaurant. In one instance, on July 29, 2010, one of the managers, Rogan Stanzel, yelled and talked down to Plaintiff in front of customers, and tried to physically force Plaintiff into the kitchen. Damien Rodriguez, the General Manager of the restaurant, witnessed that incident, and subsequently apologized to Plaintiff for Stanzel's inappropriate behavior.

On August 7, 2010, Plaintiff was given a write-up, and on August 11, 2010 he was terminated. He was told that the reason for termination was that he did not "card" a customer. However, Plaintiff had in fact asked the customer for identification. Furthermore, none of the servers card customers as a matter of routine. In addition, two of the restaurant's managers were introduced to the customer, but neither asked her for identification.[4]

Plaintiff alleges that he was discriminated against because of his race, his age, and in retaliation for complaining of illegal employment practices, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

## II. LEGAL STANDARD

### A. Motions to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to

---

[3] Plaintiff does not specify to whom he reported the practices.
[4] Plaintiff attached a letter from Charles D. Stokes, a former co-worker of Plaintiff's, containing additional factual support for Plaintiff's claims. However, those facts are not alleged in Plaintiff's complaint or Charge of Discrimination, and Stokes's letter is unsigned, so the Court does not consider those facts in deciding this motion.

relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370,

376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 231 (5th Cir. 2009) (internal citation omitted).

### B. Title VII Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "In order to establish a prima facie case of discrimination on the basis of race or national origin, a plaintiff must show he or she was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 941 (5th Cir. 2005).

Likewise, the Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To demonstrate age discrimination a plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). The "protected class" is defined by the ADEA as "[i]ndividuals at least 40 years of age." 29 U.S.C. § 631(a).

Title VII also makes it an unlawful employment practice for an employer:

> to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). The ADEA contains an equivalent provision, and the same standard for establishing a prima facie case applies. *See Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 267 (5th Cir. 1994); *Griffin v. Texas Dep't of State Health Services*, 2011 WL 759476, at *3 n.17 (S.D. Tex. Feb. 14, 2011).

### III. ANALYSIS

#### A. Race and Age Discrimination

The Court finds that Plaintiff has plausibly alleged that he was discharged on the basis of his race and/or his age. First, Plaintiff has alleged that he is a member of a protected class due to his race (black) and his age (over 40). (Doc. No. 1, at 3.) Second, Plaintiff has alleged that he was qualified for the position he held, specifically that he "was an excellent server" and that his "customers spoke very highly" of him. (*Id.*) Third, Plaintiff alleges he was terminated from his job. Fourth, Plaintiff alleges that he was treated differently than other similarly situated employees who were not black and/or over forty. For example, he alleges that, although the stated reason for his termination was failing to ask a customer for identification of her age, other employees who are not members of his protected classes did not, as a matter of routine, check customers'

5

identification to purchase alcohol. (*Id.*) He also alleges that two specific other employees have received preferential treatment despite engaging in misconduct. (*Id.* at 5.) The first, Sherice Richardson, is a black server for whom Plaintiff alleges "management always looks the other way, giving her preferential treatment." (*Id.*) The second, Shayla (her last name is not provided), is a white hostess, server, and to-go employee whom Plaintiff alleges "[c]omes to work late" and "has guest complaints but is not treated the same as minority employees, as far as disciplinary actions." (*Id.*) These allegations are sufficient to meet the four requirements to establish to a prima facie case under Title VII, and also to meet the fourth requirement under the ADEA, that Plaintiff was "otherwise discharged because of his age."

The Court also finds that Plaintiff has sufficiently alleged a claim for retaliation for engaging in protected conduct. First, he alleges that he engaged in conduct protected by Title VII and the ADEA by "complaining of illegal employment practices." (*Id.* at 3.) The Court can reasonably infer that by this Plaintiff refers to the discriminatory practices that he alleges elsewhere in his pleadings. Second, the "adverse employment action" requirement is met both by Plaintiff's termination and by the alleged harassment, assault, and verbal "talking down" he faced from managers at the restaurant. (*See id.* at 3, 5.) Third, Plaintiff adequately alleges that the adverse employment actions were *caused by* his complaining of discrimination and that, specifically, Rodriguez, the General Manager, took action against Plaintiff "to ensure that [Plaintiff] would not be able to influence and document any more [illegal] events [or] actions" at the restaurant. (*Id.* at 3, 5.) The Court finds that Plaintiff's allegations are sufficient to plausibly state a claim for retaliation.

While Plaintiff does not elaborate these allegations in great detail, he is not required to under Federal Rule of Civil Procedure 8(a)(2). Plaintiff needs only to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting *Twombly*, 550 U.S. at 555). Moreover, "[a] document filed pro se is 'to be liberally construed,' and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[5] "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Accordingly, the Court holds that Plaintiff has presented sufficient allegations to state a claim for race discrimination, age discrimination, and retaliation for engaging in protected conduct in violation of Title VII and the ADEA.

IV.   CONCLUSION

For the reasons discussed in this order, Defendants' Motion to Dismiss (Doc. No. 5) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the _13th_ day of May, 2011.

---

[5] Although Plaintiff is of course entitled to represent himself, the Court strongly recommends that Plaintiff attempt to find an attorney to represent him in this case, as conducting discovery, summary judgment briefing, and trial are very difficult endeavors for non-lawyers.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE